1  ALEXANDER B. CVITAN (SBN 81746),
   E-mail: alc@rac-law.com
2  MARSHA M. HAMASAKI (SBN 102720), and
   E-mail: marshah@rac-law.com;
3  PETER A. HUTCHINSON (SBN 225399)
   E-mail: peterh@rac-law.com,
4  REICH, ADELL & CVITAN, A Professional Law Corporation
   3550 Wilshire Blvd., Suite 2000
5  Los Angeles, California 90010-2421
   Telephone: (213) 386-3860; Facsimile: (213) 386-5583
6
7  Attorneys for Plaintiff

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 CONSTRUCTION LABORERS          | CASE NO.:
   TRUST FUNDS FOR SOUTHERN       |
12 CALIFORNIA ADMINISTRATIVE      | COMPLAINT FOR:
   COMPANY, a Delaware limited    |
13 liability company,             | 1.  MONETARY DAMAGES OF
                                   |     UNPAID FRINGE BENEFIT
14                                 |     CONTRIBUTIONS AND
                                   |     RELATED DAMAGES DUE TO
15              Plaintiff,         |     EMPLOYEE BENEFIT PLANS;
                                   | 2.  SPECIFIC PERFORMANCE
16      v.                         |     COMPELLING COMPLIANCE
                                   |     WITH A COMPLETE AUDIT;
17 L. J. ROTUNNO CONCRETE         |
   CONSTRUCTION, INC., a California| [29 U.S.C. §§ 185, 1132(a)(3),
18 corporation,                    | 1132(g)(2) and 1145]
19
                                   |
20              Defendant.         |

21

22      Plaintiff, Construction Laborers Trust Funds for Southern California

23 Administrative Company, a Delaware limited liability company, alleges:

24

25                        **INTRODUCTION**

26

27      1.      This action is brought by a fiduciary administrator on behalf of

28 employee benefit plans against employers in accordance with the terms and

371517.1                           -1-

conditions of the plans, collective bargaining agreements to which the employers are bound and applicable statutes to: (a) recover unpaid monthly employee fringe benefit contributions and related damages due to the plans by the employer (Claim 1); and (b) compel the employer to comply with an audit (Claim 2).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employer's performance and breaches took place in this district; and the employers reside or can be found in this district.

## PARTIES

3.     Plaintiff (hereinafter "Plaintiff" and/or "CLTF") is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of, the following employee benefit plans: Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Pension Trust For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California,  Fund For Construction Industry Advancement,  Center For Contract Compliance, Laborers Contract Administration Trust Fund For Southern California,  Laborers' Trusts Administrative Trust Fund For Southern California and Southern California Partnership For Jobs Trust Fund (collectively "TRUST FUNDS").  Each of the TRUST FUNDS is an

express trust created by written agreement, an employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).  Each of the TRUST FUNDS exists pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  CLTF and the TRUST FUNDS' principal places of business are in the County of Los Angeles, State of California.

4.     CLTF is a fiduciary as to the TRUST FUNDS, in that it:

A.     Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) contributions to the TRUST FUNDS, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the TRUST FUNDS in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B.     Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

5.     Plaintiff is informed and believes, and on that basis alleges, that defendant L. J. ROTUNNO CONCRETE CONSTRUCTION, INC., ("EMPLOYER") is a California corporation organized and existing under, and by virtue of, the laws of the State of California and is engaged in business in the City of San Clemente, County of Orange, State of California.

## OTHERS

6.     The Southern California District Council of Laborers and its affiliated

Local Unions, (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce.  The UNION is not a party to this action.

## FIRST CLAIM FOR RELIEF
## CONTRIBUTIONS OWED TO THE TRUST FUNDS
### [29 U.S.C. §§ 185, 1132 and 1145]

7.      Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 6, above.

## AGREEMENTS

8.      On or about December 12, 1983, Luis J. Rotunno ("Rotunno") doing business as L. J. Rotunno Concrete Construction executed a Laborers Short Form Agreement for the Construction Industry ("Short Form Agreement"), and thereafter, change his business entity to a corporation and on or about August 4, 1999 EMPLOYER was incorporated and registered with the California Secretary of State. EMPLOYER thereafter adopted and became bound to the Short Form Agreement, and at all times herein mention acted under the terms of said Agreement.

9.      Pursuant to the Short Form Agreement, EMPLOYER is bound to the UNION'S Construction Master Laborers Agreements, including one known as the Southern California Master Labor Agreement ("MLA").  The MLA for delinquency purposes includes all entities of the delinquent employer, provided the delinquent employer holds at least ten (10%) ownership in the new entity.  Plaintiff is informed and believes and thereupon alleges that Rotunno is at least (or more than) a 10% shareholder of EMPLOYER and performed work under the terms of the MLA.

10.     Pursuant to the Short Form Agreement and the UNION'S Construction Master Laborers Agreements including the MLA, EMPLOYER also became

obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The referenced Short Form Agreement, MLA and Trust Agreements will be collectively referred to as "AGREEMENTS".

11.     The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("MONTHLY CONTRIBUTIONS").  EMPLOYER is additionally required to submit monthly reports ("REPORTS") with these MONTHLY CONTRIBUTIONS, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those monthly REPORTS are required to be submitted even when there are no employees to report for the reporting period.

12.     The TRUST FUNDS depend on the truth and accuracy of the information on the REPORTS, in order to not only determine the correct amount of MONTHLY CONTRIBUTIONS due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS. Those MONTHLY CONTRIBUTIONS constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements

13.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit MONTHLY CONTRIBUTIONS in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid MONTHLY CONTRIBUTIONS or interest on

the unpaid MONTHLY CONTRIBUTIONS at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute. Liquidated damages at the minimum amount is also due on each REPORT that is not timely submitted, even where there are no MONTHLY CONTRIBUTIONS due on the REPORT.

14.    By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent MONTHLY CONTRIBUTIONS at the plan rate(s), currently 7.5% per annum, from the due date of the MONTHLY CONTRIBUTIONS through the payment date of the contribution, at the variable per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each MONTHLY CONTRIBUTION is due.

15.    The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYERS have reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate MONTHLY CONTRIBUTIONS to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## BREACH OF AGREEMENTS

16.    Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER'S failure to comply with a complete audit by the TRUST FUNDS and

their continuing monthly reporting and payment obligations under the AGREEMENTS, additional amounts may be discovered and become due and owing by EMPLOYER which cannot ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

17.    All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

## DAMAGES

18.    As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during the period from September 2015 to July 2019, damages in the sum of at least $43,877.91 consisting of  $19,497.29 in unpaid MONTHLY CONTRIBUTIONS, $15,043.50 in liquidated damages, $2,560.00 in audit fees, $366.41 in subcontracting violations, and $6,410.71 in interest on the late and/or unpaid  MONTHLY CONTRIBUTIONS and subcontracting violations owed to the TRUST FUNDS through October 18, 2019,  plus additional accrued interest at the variable plan rate(s), currently 7.50% per annum, until payment of the contribution is made as well as any additional MONTHLY CONTRIBUTIONS, liquidated damages, audit fees and interest on any additional amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.

19.    The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to

participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS.  The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

20.     It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit MONTHLY CONTRIBUTIONS and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

21.     Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

## SECOND CLAIM FOR RELIEF
### SPECIFIC PERFORMANCE COMPELLING AUDIT

22.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive as though fully set forth herein.

23.     Plaintiff's claim herein is for specific performance of the

AGREEMENTS.

24.    Pursuant to the AGREEMENTS and 29 U.S.C. § 1059(a)(1), the TRUST FUNDS have specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported and paid contributions on all hours worked by (or paid for) their employees who perform work covered under the AGREEMENTS, and whether they have otherwise abided by the payment obligations of the AGREEMENTS.  The AGREEMENTS further provide that employers, including the EMPLOYER, shall pay the TRUST FUNDS' attorney's fees if legal action is necessary to compel the audit, and audit fees to complete the audit of EMPLOYER'S records and the TRUST FUNDS have delegated the authority to perform such audits to Plaintiff.

25.    Plaintiff has requested access to EMPLOYER'S payroll and business records for the purpose of conducting an audit; however, EMPLOYER has failed to allow the TRUST FUNDS a complete audit of its payroll and business records on all entities.  Plaintiff seeks an audit of EMPLOYER'S records on all projects worked on by EMPLOYER under the terms of the AGREEMENTS, and under 29 U.S. C. § 1059(a)(1), 29 U.S.C. § 1145.

26.    The TRUST FUNDS have no adequate or speedy remedy at law in that EMPLOYER has failed to comply with the production of all payroll and business records for an audit for each of the companies under which they are performing work.  Plaintiff therefore respectfully requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER to comply with their obligation under the AGREEMENTS and ERISA to fully produce their books and records in order for Plaintiff to complete an audit to determine if additional amounts are due.

27.    Upon completion of the audit sought herein, Plaintiff will seek recovery of any delinquent MONTHLY CONTRIBUTIONS found due, as well as liquidated damages, audit costs, other damages, interest in addition to attorneys' fees and costs

as provided for by AGREEMENTS and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

**WHEREFORE, CLTF prays for judgment as follows:**

**<u>FOR THE TRUST FUNDS' FIRST CLAIM FOR RELIEF</u>**

1.     For the sum of at least $19,497.29 in delinquent fringe benefit contributions pursuant to the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(A);

2.     Interest in the amount not less than $6,410.71 on the late paid or unpaid fringe benefit contributions as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2) from the date the contributions became due through October 18, 2019, plus additional accrued interest at the plan rate(s);

3.     For the sum of at least $15,043.50, in liquidated damages as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4.     For subcontracting violations in the sum of $366.41 as required by the AGREEMENTS and ERISA, 29 U.S.C. § 1132(g)(2)(E).

5.     For additional MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, audit costs, and/or other damages, according to proof at the time of trial or hearing, plus interest as provided by law from the date contributions became due;

6.     For Plaintiff's costs of audit in the sum of $2,560.00;

7.     For reasonable attorneys' fees;

8.     For the costs of suit herein; and

9.     For such other and further relief as the Court deems proper.

/ / /

/ / /

## **FOR TRUST FUNDS' SECOND CLAIM FOR RELIEF**

1.      That EMPLOYER, its managing employees, agents, accountants, managing officers including Rotunno, and all persons acting by, through, or in concert with the EMPLOYER be compelled to forthwith submit to an audit of EMPLOYER'S payroll and business records and that EMPLOYER produce the following payroll and business records to the TRUST FUNDS for inspection, examination and copying covering the period from May 2018 to the date of the audit:

1.1.    All payroll and employee documents including, but not limited to, EMPLOYER'S payroll journals, employees earning records, certified payrolls, payroll check books and stubs, canceled payroll checks, payroll time cards, state and federal payroll tax returns, labor distribution journals, any other documents reflecting the number of hours which EMPLOYER'S employees worked, their names, social security numbers, addresses, job classifications on all projects on which the employees performed their work.

1.2.    The job/project files including all documents, agreements, and contracts between EMPLOYER'S and any general contractor, subcontractor, builder and/or developer, field records, job records, notices, project logs, supervisor's diaries or notes, employees diaries, memorandum, releases and any other documents which related to the supervision of EMPLOYER'S employees on the projects on which they performed their work.

1.3.    All EMPLOYER'S documents related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices.

371517.1

-11-

1           1.4.     EMPLOYER'S bank statements for all checking, and savings

2                   accounts.

3           1.5.     EMPLOYER'S documents related to cash disbursements,

4                   including but not limited to, vendors' invoices, cash disbursement

5                   journal, accounts payable journals, check registers, and all other

6                   documents which indicate cash disbursements.

7           1.6.     All collective bargaining agreements between EMPLOYER'S

8                   and any trade union and all Monthly Report Forms submitted by

9                   EMPLOYER to any union trust fund.

10       2.     For any delinquent contributions, liquidated damages, interests, audit

11 costs, attorney's fees and costs as required by the agreements and ERISA §

12 502(g)(2), 29 U.S.C. § 1132(g)(2) according to proof at the time of trial or other

13 hearing;

14       3.     For reasonable attorneys' fees;

15       4.     For TRUST FUNDS' costs of suit herein;

16       5.     For such other and further relief as the Court deems proper.

17

18                           ALEXANDER B. CVITAN
                              MARSHA M. HAMASAKI and

19                           PETER A. HUTCHINSON, Members of
                              REICH, ADELL & CVITAN

20                           A Professional Law Corporation

21 DATED: October 22, 2019

22                       By:_____

23                            MARSHA M. HAMASAKI
                              Attorneys for Plaintiff

24

25

26

27

28